UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| KURT ANDERSON,<br><br>          Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>          Defendant, | 5:23-CV-05068-CBK<br><br>FINDINGS OF FACT,<br>CONCLUSIONS OF LAW,<br>AND ORDER |

## INTRODUCTION

Plaintiff instituted suit alleging breach of contract against his automobile insurance carrier for failing to pay his claim for uninsured motorist benefits arising out of an automobile accident on October 8, 2017. Plaintiff served defendant by serving the Director of the South Dakota Division of Insurance as authorized by SDCL 58-6-39. The Director executed an admission of service on October 3, 2023. Defendant did not file an answer or otherwise plead. At plaintiff's request, the Clerk of Courts entered the defendant's default on November 16, 2023. On August 23, 2024, plaintiff filed a motion for a default judgment. This matter came on for an evidentiary hearing as to damages on November 5, 2024.

## FINDINGS OF FACT

Plaintiff paid for a State Farm automobile policy of insurance, which was in effect on October 8, 2017. That policy provided for uninsured motorist coverage in the amount of $250,000 each person, $500,000 each accident. The medical payments coverage was limited to $10,000. The policy provides that State Farm "will pay compensatory damages for bodily injury an insured is legally entitled to recover from the owner or driver of an uninsured motor vehicle."

On October 8, 2017, in Pennington County, South Dakota, Trenton Alexander Clark operated a vehicle which veered into oncoming traffic, hitting head on a vehicle

owned and driven by plaintiff. Clark was arrested for driving under the influence, reckless driving, open container, expired plates, and no proof of insurance. I take judicial notice of the files of the South Dakota Unified Judicial System located in the ecourts portal, https://ecourts.sd.gov. Those records show that, over one hour after the accident, Clark's BAC was .235%. Clark pleaded guilty to driving under the influence, and reckless driving, and was sentenced on September 28, 2018, South Dakota Circuit Court, Seventh Judicial Circuit, Pennington County, case # 51CRI17-004874. He was ordered to pay costs, fees, and fines in the amount of $688.00 and restitution in the amount of $11,408.18, for a total of $12,096.18. Only $900 has been paid to the Circuit Court Clerk of Courts by or on behalf of Trenton Clark.

Plaintiff did not immediately receive medical treatment after the accident. Plaintiff notified his State Farm agent the night of the accident by text message and orally spoke to the agent the day following the accident. The agent rented space for his office from the plaintiff and they officed in the same building. The agent told plaintiff to go to the doctor. They discussed plaintiff's uninsured motorist coverage and the driver's status as an uninsured motorist. The agent told plaintiff they would pay his medical bills and that his claim would be a "work in progress."

On October 9, 2017, the day after the accident, plaintiff presented to Rushmore Family Chiropractic complaining of stiffness and throbbing pain in many areas of his body, including his thumbs. At that time, his cervical range of motion was reduced 51% and his left shoulder range of motion was reduced 15%. He suffered dysfunction in his cervical, thoracic, and lumbar spines, along with a sprain of the sacroiliac joint, and dysfunction of the pelvic region, He had pain in the elbows and fingers. He received chiropractic treatment in each of these areas. Between October 9, 2017, and December 11, 2017, plaintiff was treated 15 times. On January 3, 2018, plaintiff was evaluated at the Black Hills Orthopedic and Spine Center and received treatment. On January 10, 2018, x-rays were performed of his hands at the Black Hills Surgical Hospital. Plaintiff received treatment four more times at Black Hills Orthopedic in January and February 2018. From February to May, 2018, he was treated an additional three times by

Rushmore Family Chiropractic. On August 12, 2018, and August 27, 2018, plaintiff was evaluated at the Mayo Clinic in Rochester, Minnesota.

State Farm paid all of plaintiff's medical bills and there is no pending subrogation claim from plaintiff's medical insurance provider. Plaintiff's 2017 Ford F-350 pickup truck suffered over $40,000 damages which were paid by State Farm.

Plaintiff testified that he was a practicing dentist, beginning in 1986. His son began practicing with him in 2015, and was practicing with plaintiff at the time of the accident. Plaintiff was compensated by Sub-S corporation draws.

Prior to the accident, plaintiff experienced no restrictions or physical difficulty in performing his job. He enjoyed doing crown and bridge procedures. Those procedures, along with root canals and implants were the more profitable procedures. He was age 59 at the time of the accident. He turned age 60 in December 2017.

Physical therapy did not resolve the constant pain in plaintiff's hands. He was told by doctors that, other than physical therapy, there was only one surgical procedure that could help but it did not have a high rate of success. He continues to lives with the pain. His injuries to his hands negatively affect his fine motor skills.

Plaintiff asked a State Farm agent to re-open the uninsured claim on June 23, 2023. His agent gave him the claim number on June 28, 2023, by text message. Plaintiff called and his agent said someone would reach out to him. State Farm did not do so. Plaintiff asked his agent to reach out to State Farm. On July 17, 2023, plaintiff again called State Farm. His call was transferred several times. State Farm took the position that he only had a six-year statute of limitations and that he settled the claim for $55,000 in 2019. Plaintiff was provided an address to send a letter request. He sent a letter referencing his uninsured motorist claim. He did not receive a response to his letter. He contacted an attorney and filed this suit October 2, 2023.

Plaintiff testified that he did not settle his uninsured claim. He stated that the $55,000 payment was an offer made to cover missing work and damages sustained at that time. He testified that he never accepted a settlement offer. They paid the damages for his vehicle and paid for medical treatment. He contends he did not settle his claim for his

injuries. He asked several times for copies of the paperwork, which was never provided to him by State Farm.

Plaintiff testified that his injuries from the 2017 car accident interfered and continued to interfere with his work. He has not been able to give injections due to his pain. He could not perform root canal surgeries because he could not hold the dental instruments. This was especially concerning because, prior to the injuries, he was very good at performing this dental procedure and enjoyed doing so. He could no longer extract teeth because he lost 40% of his hand strength. Even writing notes was painful. The pain he feels is in the base of the thumbs and radiates up the arms. As a result of his injuries, plaintiff was no longer efficient and his production as a dentist dropped.

Plaintiff testified that he continued to work after the accident but the pain in his hands never resolved. He continued to try to work with the pain. He was forced to reallocate work in his practice. All oral surgeries had to be assigned to his son. The pain impacted the speed at which he completed other procedures. Plaintiff stated that his "numbers" dropped down which affected his profitability.

Prior to the accident, plaintiff planned to retire at age 70 and, at that time, sell the practice to his son. Due to his injuries, plaintiff's son was required to buy plaintiff out and hire another dentist because plaintiff could no longer do the work. After that happened, plaintiff was paid 35% of his collections. His injuries resulted in a loss of earning capacity and forced his early retirement.

As a result of his injuries, plaintiff had physical problems hunting, fishing, or performing mechanic work. His enjoyment of life was reduced significantly. Prior to the injuries, plaintiff enjoyed working with his hands in his personal time. Plaintiff avoids the personal activities that he cannot perform due to lack of strength and pain. His injuries interfere with playing with his grandchildren because they sometimes grab his thumbs. He continues to suffer pain.

Plaintiff was 66 years old at the time of the default judgment hearing. He is seeking the limits of his uninsured motorist coverage.

Following the accident, plaintiff received payments from his disability insurance carrier. They paid a percentage of the loss in income for each month. Under that policy, the most he could receive was $9,000 per month. Most months he did not receive that much because he continued to try to earn dental income. Those payments stopped when he turned age 65.

Plaintiff did not receive a medical determination of disability. His disability insurer, NorthWestern Mutual, based the amount of his monthly disability payments on his loss of income for each month. They did so based upon medical information that was provided to NorthWestern Mutual showing plaintiff's disability and that it was caused by the accident.

Plaintiff admits that, in addition to paying for the property damage and medical bills, he received $55,000 from State Farm. The maximum he could still recover for his injuries under his uninsured motorist coverage for past lost income, future lost income, pain, suffering, and loss of enjoyment of life is $195,000. It appears that, as of the date of the hearing, plaintiff has 37 months remaining until the date he intended to retire and sell his dental practice. At the rate of $9,000 per month, which is the amount plaintiff claims he was entitled to under the terms of his own disability policy based upon lost income, plaintiff would be entitled to no less than $333,000 to compensate him for the next three years. That amount exceeds the allowable recovery under his automobile insurance policy.

## CONCLUSIONS OF LAW

Pursuant to 28 U.S.C. § 1332, when, as in this case, jurisdiction is based upon diversity, the district court applies the substantive law of the forum state, South Dakota in this case. Hiatt v. Mazda Motor Corp., 75 F.3d 1252, 1255 (8th Cir.1996) (*citing* Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). Under South Dakota law, in order to collect uninsured motorist coverage, the insured plaintiff "must be able to show (1) legal entitlement to recover (2) for bodily injuries (3) sustained through the ownership or operation of a motor vehicle by an uninsured motorist." Baker v. Cont'l W. Ins. Co., 748 F. Supp. 716, 719 (D.S.D. 1990). In order to prove a legal

entitlement to recover for breach of contract, a plaintiff must show "(1) an enforceable promise; (2) a breach of the promise; and (3) resulting damages." Dziadek v. Charter Oak Fire Ins. Co., 867 F.3d 1003, 1009 (8th Cir. 2017), citing Bowes Constr., Inc. v. South Dakota Dep't of Transp., 793 N.W.2d 36, 43 (S.D. 2010). An insured is not required to "reduce a claim against a tortfeasor to judgment prior to payment of uninsured motorist benefit" in order to show legal entitlement to recover. Id. at 721. Thus, in a contract action against the insurance company, the insured need only "establish fault on the part of the uninsured motorist which gives rise to damages, and to prove the extent of those damages" in order to recover under the uninsured motorist provision. Id. at 722.

"Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true." Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010). Plaintiff alleged in the complaint that an uninsured motorist negligently caused an accident, resulting in injury and damages to the plaintiff. Plaintiff further alleged that defendant entered into a contract of insurance with plaintiff requiring defendant to pay plaintiff benefits for injuries and damages he sustained as a result of the negligence of an uninsured motorist. Even without such a legal finding, plaintiff submitted facts at the evidentiary hearing establishing that he was injured by the negligence of an uninsured motorist resulting in personal injury and loss of income to plaintiff. Plaintiff further established that he had a contract of insurance with defendant and that defendant breached that contract by its failure or refusal to pay plaintiff for the injuries and damages plaintiff sustained as a result of the negligence of an uninsured motorist. Plaintiff is entitled to a judgment that defendant breached the uninsured motorist provision of the insurance contract.

The facts relating to the amount of damages must be proved in a supplemental hearing or proceeding. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001). At the evidentiary hearing, plaintiff proved that the injuries he sustained as a result of an insured event resulted in pain, suffering, loss of enjoyment of life, and a permanent injury depriving him of past and future lost income. His damages clearly exceed the remaining portion of his uninsured motorist coverage. "Having purchased

[uninsured motorist] coverage, [plaintiff] was entitled to its full protection as against the UIM insurer or carrier." Isaac v. State Farm Mut. Auto. Ins. Co., 522 N.W.2d 752, 756 (S.D. 1994).

In addition to damages for breach of contract, plaintiff requested prejudgment interest in his prayer for relief. South Dakota law provides that "[t]he detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation *with interest thereon*." SDCL 21-2-2 (emphasis supplied).

This is a contract action for uninsured motorist benefits. The South Dakota Supreme Court held in 1993 that "SDCL 54–3–5, which applies in part to interest due 'on any instrument of writing,' is controlling." Kremer v. Am. Fam. Mut. Ins. Co., 501 NW2d 765, 771 (SD 1993). SDCL 54-3-5 provides that moneys "due on any instrument of writing" is payable at the Category F rate established in SDCL 54-3-16, which is 15%. The South Dakota Supreme Court held one year after Kremer, that the prejudgment interest provision at SDCL 21-1-13.1, which specifically applies to contract actions, prevails over the debtor/creditor interest provision at SDCL 54-3-5. U.S. Lumber, Inc. v. Fisher, 523 NW2d 87, 91 (SD 1994). SDCL 21-1-13.1, South Dakota's prejudgment interest statute, provides, in part:

> Any person who is entitled to recover damages . . . is entitled to recover interest thereon from the day that the loss or damage occurred . . . Prejudgment interest is not recoverable on future damages, punitive damages, or intangible damages such as pain and suffering, emotional distress, loss of consortium, injury to credit, reputation or financial standing, loss of enjoyment of life, or loss of society and companionship. If there is a question of fact as to when the loss or damage occurred, prejudgment interest shall commence on the date specified in the verdict or decision and shall run to, and include, the date of the verdict or, if there is no verdict, the date the judgment is entered . . . Prejudgment interest on damages arising from a contract shall be at the contract rate, if so provided in the contract; otherwise, if prejudgment interest is awarded, it shall be at the Category B rate of interest specified in § 54-3-16 . . . The court shall compute and award the interest provided in this section and shall include such interest in the judgment in the same manner as it taxes costs.

The Category B rate of interest is 10 % per year. SDCL 54-3-16(2).

Plaintiff is entitled to recover prejudgment interest from the "day that the loss or damage occurred." SDCL 21-1-13.1. In this case, the breach of contract occurred when plaintiff demanded payment of his uninsured motorist benefits. Plaintiff testified and the record showed that plaintiff contacted State Farm agents beginning in June 2023, asking State Farm to "open" an uninsured claim. Plaintiff sent a letter to State Farm July 17, 2023, stating that he was "reopening" his uninsured claim. However, it was not until plaintiff served State Farm with a copy of the complaint in this matter on October 3, 2023, that plaintiff specifically demanded payment of the uninsured benefits. "[T]he very purpose of prejudgment interest is to 'compensate the injured party for [the wrongful] detention of money owed.'" Dziadek v. Charter Oak Fire Ins. Co., 213 F. Supp. 3d 1150, 1180 (D.S.D. 2016), aff'd, 867 F.3d 1003 (8th Cir. 2017) (*quoting* S.D. Bldg. Auth. v. Geiger–Berger Assocs., 414 N.W.2d 15, 19 (S.D. 1987)). October 3, 2023, is the date that State Farm first wrongfully detained benefits owed to plaintiff.

Prejudgment interest from October 3, 2023, until November 19, 2024, is in the amount of $12,064.38.

## ORDER

Based upon the foregoing findings of facts and conclusions of law, the Court finds that plaintiff is entitled to a default judgment against defendant for breach of contract. Plaintiff is entitled to damages in the amount of $195,000, together with prejudgment interest in the amount of $12,064.38. Judgment shall enter in favor of plaintiff against defendant in the amount of $207,064.38, together with costs and disbursements as authorized by federal law.

DATED this 19th day of November, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge